IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES LE'ROY KELLEY, # 1894193, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 3:15-CV-3079-L-BK |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div., | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* habeas corpus action under 28 U.S.C. § 2254 was automatically referred to the United States Magistrate Judge. Petitioner paid the filing fee, but no process was issued pending preliminary screening. For the reasons that follow, the petition should be summarily dismissed.

**I. BACKGROUND**

Petitioner, a Texas state prisoner, was convicted of possession of less than one gram of cocaine in a drug free zone and one count of fraudulent possession of five to nine items of identifying information, and was sentenced to consecutive five-year sentences. *State v. Kelley*, Nos. F09–59178–S and F09–72634–S (282nd Judicial District Court, Dallas County 2010), *aff'd* No. 05–11–00842–CR, 05–11–00843–CR, 2013 WL 363751 (Tex. App., Dallas, 2013). In 2015, he unsuccessfully sought state habeas relief based on the claims at issue in this case. *Ex parte Kelley*, No. WR-82,613-03 (Tex. Crim. App. 2015) (denying state application without written order based on the trial court's findings).

In his amended habeas petition, Petitioner challenges parole procedures related to an institutional parole interview. Doc. 10 at 6. He asserts he was denied a parole interview on

October 21, 2012, when he first became eligible for parole in Case No. F09-72634, and that his due process rights were violated because he was not interviewed until February 18, 2014. Doc. 10 at 2, 6-7. Petitioner requests 18 months of credit toward the sentence in Case No. F09-59178, which he states he is currently serving. Doc. 10 at 7.[1]

## II. ANALYSIS

The petition does not present a cognizable basis for federal relief and should be summarily dismissed. *See* 28 U.S.C. § 2254(a) (the court can entertain a habeas application only if it raises a "violation of the Constitution or laws or treaties of the United States."); Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.")

Petitioner does not have a liberty interest in parole or a constitutional expectancy of early release on parole. *See Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) (no liberty interest in parole in Texas); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir.1997) (no right to be released on parole in Texas). Thus, he fails to raise a constitutional violation. Moreover, while Petitioner may have been eligible for parole in 2012, "the failure of parole officials to interview him for early release does not merit federal habeas relief." *See Billingsley v. Dretke*, No. 3-05-

---

[1] Although Petitioner is serving the sentence for his second offense of conviction (No. F09-59178), he is considered to be "in custody" on his first conviction (Case No. F09-72634). The Supreme Court has held that a petitioner who receives consecutive sentences for multiple offenses remains "in custody" and may seek federal habeas relief with respect to any of those convictions until all consecutively imposed sentences are discharged. *See Garlotte v. Fordice,* 515 U.S. 39, 45-46 (1995). This is true even where the sentence associated with the challenged conviction has expired. *Id.*

CV-1972-P, 2006 WL 686816, at *3 (N.D. Tex. Mar. 16, 2006) (accepting findings and recommendation)) (citing *Orellana v. Kyle,* 65 F.3d 29, 31-32 (5th Cir. 1995)).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED**.

SIGNED December 9, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE